## No. 877.

### GUILBEAU BROS. VS. JOS. MELANÇON.

New parties may be made at any time pending the trial of a case, provided the trial is not delayed or the issue changed. As to the right of the administrator of the deceased partner of plaintiffs to join in this suit, it is undeniable. The matter which is before this court is not of a commercial character. It involves the title to real estate. Commercial partners may own real estate, but the real estate owned by them does not enter into their commercial assets. As regards that species of property, they are joint owners. In such a suit it was not only the right, but it was the duty, of the administrator of the partner who had died to make himself a party to that suit in order that the interest of the partner in the property should come under his administration.

That Guilbeau Brothers are the owners of the draft sued upon is evident from the fact that they hold it and that no one else claims it.

It was optional with plaintiffs to sue on the draft given for the object purchased, or to ask for a rescission of the sale. Compensation can not be pleaded in a case like this. The sale was made for cash; the price should have been paid in cash. The accepting of the draft in the place of cash was merely an accommodation to defendant. It never could have been contemplated by the plaintiffs that it was a mere trap by which the defendant was to secure the payment of a debt.

APPEAL from the Third Judicial District Court, parish of St. Martin. *Train*, J. *DeBlanc & Fournet*, for plaintiffs and appellees. *Felix Voorhies*, for defendant and appellant.

MORGAN, J. Guilbeau Bros. sold to the defendant a certain piece of property. The price was $2025. The terms cash. Instead of cash, the defendant gave a draft drawn by himself, payable to the vendors, on A. Mouton, of New Orleans. Under the sale the vendee took possession of the property. The draft, although not payable to the order of the vendors, was indorsed by them to one Brown. It was presented by Brown to the payee, who refused to accept or pay it. It was then returned to the vendors, and was by them indorsed to DeBlanc & Beer, who again presented it to Mouton, who, acting under instructions from the drawer, refused payment. Roman, however, offered to take up the draft by compensating it with a debt due by the vendors to the vendee, which was refused. The draft was then returned to the vendors. The

object of this suit is to rescind the sale, to recover back the property, and for damages. The defense is—

First—That at the time of the sale the vendors owed the vendee a larger sum than the price which he agreed to·pay for the property, and that the debt was therefore compensated.

Second—That the plaintiffs, who have made no cession of their property, can not object to the plea of compensation, because the property sold by them to defendant is the common pledge of their creditors, and that this would be giving undue preference to one of their creditors over the others.

Third—Because this objection, if receivable, must be made by the creditors, and that by the action styled in law *actes Pauliana,* or revocatory action, and not otherwise.

Fourth—Because the draft on Mouton was not protested.

Fifth—Because the draft was transferred by plaintiffs, first, to Brown, who returned it to plaintiffs, and who then gave it to DeBlanc & Beer.

Sixth—Because plaintiffs have failed to make a tender of the draft to the defendant before instituting suit, and because there is nothing to show that they are the holders of the draft.

Seventh—Because if the transfers by plaintiffs to the indorsees of the draft were made without consideration, they were made in view of defrauding the defendant by endeavoring to evade the law, which operated a compensation of their respective claims; and that if for a valuable consideration, the draft was used as a medium of circulation, and acquired the value of cash as commercial paper, and, therefore, the action should not be one to cancel the sale, but an action on the draft for the amount thereof secured by their vendor's lien and privilege.

Eighth—Because, by promising to pay cash, when in reality he understood and meant to pay with the plaintiffs' indebtedness, he committed no breach of confidence amounting to fraud, subjecting him to damages.

Ninth—Finally, he avers that the unjust and uncalled for imputation of fraud fixed upon him by plaintiffs has injured him in his reputation for honesty and fair dealing, and that the protest of the draft, which ·he did not owe, has injured his credit as a merchant, and that he has suffered damages in the sum of one thousand dollars, for which he asks judgment.

On the trial, it appears that Placide Guilbeau, one of the plaintiffs, had died since the institution of this suit. It also appeared, from testimony adduced by the defendant, that J. Armas Guilbeau had been appointed administrator of his estate. Thereupon, counsel for plaintiff offered to make an appearance for the administrator, which the defendant objected to on the grounds that it came too late ; and because, the action being brought by Guilbeau Bros. as a commercial firm, and the partnership

Guilbeau Bros. vs. Melancon.

being dissolved by the death of one of its members, no one can represent the deceased in this action, unless specially appointed by the court of probates as administrator or liquidator of his share in the partnership. It will be observed that no question is raised as to the authority of the counsel to represent the administrator.

Under the facts as stated in the bill, the ruling of the district judge was correct. New parties may be made at any time pending the trial of a cause, provided the trial is not delayed or the issue changed. As to the right of the administrator of the deceased partner to join in this suit, it is, we think, undeniable. We may admit the premises of the defendant, that matters pertaining to a commercial partnership can only be administered upon and controlled by a receiver or a liquidator when the partnership is dissolved, although we express no opinion upon this point, as it is not necessary to the decision of this cause. But the matter which was before the court was not of a commercial character. It involved the title to real estate. Commercial parties may own real estate, but the real estate owned by them does not enter into their commercial assets. As regards that species of property they are joined owners. Now this is a suit relating to property in which the partners had a joined interest. In such a suit it was not only the right, but it was the duty, of the administrator of the partner who had died to make himself a party to the suit, in order that the interest of the partner in the property should come under his administration.

Upon the merits, the numerous defenses of the defendant are not supportable.

First—That Guilbeau Bros. are the owners of the draft is evident from the fact that they hold it, and that no one else claims it.

Second—It was optional with them to sue on the draft, or to ask for a rescission of the sale.

Third—Compensation can not be pleaded in a case like this. The sale was made for cash. The price should have been paid in cash. The accepting of the draft in the stead of cash was merely an accommodation to the defendant. It never could have been contemplated by the plaintiffs that it was a mere trap by which the defendant was to secure the payment of a debt. We look upon the draft as nothing more than if, when the act was signed, the defendant had asked the plaintiffs to walk to a neighbor's house to get his money, and when he got there told that cash meant some old notes and accounts that existed against them. Such conduct is not permissible, and produces no effect.

Judgment affirmed.

### ON APPLICATION FOR A REHEARING.

There is error in the judgment pronounced by us in affirming the

judgment of the district court in so far as it allowed damages to the plaintiff.

This can be corrected, however, without a rehearing.

It is therefore ordered, adjudged, and decreed that our former judgment be amended; and it is now ordered, adjudged, and decreed that the judgment of the district court, in so far as it gives damages to the plaintiff in the sum of three hundred dollars, be reversed, and that in all other respects the judgment of the district court be affirmed. Defendants to pay costs in the court below; that of the appeal to be borne by the plaintiff and appellee.

Rehearing refused.