No. 4194

Second Circuit

SERIO v. CALHOUN

(December 9, 1931. Opinion and Decree.)
(December 21, 1931. Rehearing Refused.)

Hugh Tullis, of Vidalia, attorney for plaintiff, appellee.

Dale, Dale & Dale, of Vidalia, attorneys for defendant, appellant.

DREW, J. Plaintiff brought this suit for $1,200, represented by a check made payable to him by defendant, dated April 12, 1926, and for 5 per cent interest thereon from the date of check until paid; and several other small amounts which were abandoned on trial of the case. He alleged the check was given for a valuable consideration and drawn on the Ferriday branch of the Vidalia Bank & Trust Company, and that upon presentation at the said bank payment was refused. He attached the check to the petition.

Defendant in answer admitted that he signed and executed the check sued on and that same was signed and executed to represent the purchase price of certain lots in the town of Newellton, Louisiana, purchased by defendant from plaintiff on April 12, 1926. That said check was not presented to the bank for collection until February 24, 1931; and that at the time the check was given, plaintiff was indebted to defendant in an amount about equal to the amount of the check, which indebtedness was later increased. That it was understood that the check was not to be cashed, but given merely 'as an evidence of the debt for the lots, and said check was to be paid by the said indebtedness that plaintiff owed defendant as soon as they could have a settlement. Defendant further alleged that a settlement was had in January, 1928, at which time defendant demanded the return of the check and was told by plaintiff that it had been destroyed by fire. That in said settlement, after giving plaintiff credit for the check for $1,200, there was left a balance due defendant of $665.60. He sets out in detail the items claimed by him against plaintiff and the items due plaintiff by him; and in reconvention, prays for judgment against plaintiff in the sum of $665.60, with legal interest thereon from February 16, 1930, until paid.

A motion by counsel for plaintiff to strike out the reconventional demand for the reason that said demand was not necessarily connected with and incidental to

the main demand, and plaintiff and defendant being residents of the said parish, was sustained. Counsel for defendant in brief admits the correctness of said ruling and asks for no change in it. Defendant does not plead payment, neither does he plead compensation or offset, unless the plea of settlement could be taken as a plea of compensation. The lower court rendered judgment in favor of plaintiff in the sum of $1,200, with 5 per cent interest per annum from the date of the check until paid, and defendant has appealed to this court.

If defendant's answer could be taken as a plea of compensation, it would be of no avail to him for the reason that the amounts claimed by him to be due him by plaintiff are not equally liquidated and demandable with the claim of plaintiff on the check. Civil Code, art. 2209; Guilbeau Bros. v. Melancon, 28 La. Ann. 627; Sullivan v. St. Anna's Chapel, 168 La. 383, 122 So. 118; and cases cited therein.

If we consider the answer as a plea of compensation, it is an admission of the claim of plaintiff, and no evidence being admissible under the compensation plea, for the reasons above given, it would necessarily follow that plaintiff was entitled to judgment as prayed for.

Under defendant's plea of settlement, an agreement between him and plaintiff in January, 1928, wherein he claims plaintiff admitted that there was a balance due defendant by him of over $600, a determination of that claim is purely a question of fact, and the lower court did not believe defendant. A careful reading of the contradictory testimony given by defendant, together with the most unreasonable statements made by him, convinces us that the lower court was eminently correct in not taking the testimony of defendant.

The testimony reveals the fact that the plaintiff is a Syrian, and that he and his wife had had domestic troubles. A divorce suit was filed. Just before filing the suit, defendant, under a pretense of helping plaintiff, took a deed to two lots in Newellton, Louisiana, for a recited consideration of $1,200, and gave his check in payment, instructing plaintiff not to cash it, and that he would later deed the lots back to him. Instead, defendant sold the lots for $1,450, and put the money in his pocket. After many attempts to collect the check from defendant, plaintiff presented it to the bank on February 24, 1931, and payment was refused. This suit followed.

It is unnecessary to review the evidence in the case. The lower court refused to take the testimony of defendant and correctly held that no settlement had been made between plaintiff and defendant. Defendant admitted signing and executing the check in payment of the two lots, and therefore judgment was rendered for plaintiff for $1,200, with 5 per cent per annum interest from date until paid. In the matter of interest allowed, the lower court erred. Interest should have been allowed from the time the check was presented to the bank for payment, which was February 24, 1931.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by allowing interest from February 24, 1931, instead of from April 12, 1926, and as amended, that the judgment be affirmed; cost of appeal to be paid by appellee.